STATE OF NORTH CAROLINA *EX REL.* UTILITIES COMMISSION, NORTH CAROLINA NATURAL GAS CORPORATION, APPLICANT; AND THE PUBLIC STAFF, INTERVENOR APPELLEES v. CF INDUSTRIES, INC. INTERVENOR APPELLANT

No. 7810UC151

(Filed 16 January 1979)

**Gas § 1; Utilities Commission § 22— increased storage costs for natural gas—not part of wholesale cost—general rate case required**

    Charges incurred for increased storage capacity and paid to the natural gas wholesaler are not part of the "wholesale cost" of natural gas within the meaning of G.S. 62-133(f), and the increased cost cannot be reflected in the retail rates automatically without the necessity for fixing the retail rates pursuant to the procedures for a general rate case.

APPEAL by intervenor CF Industries, Inc., from Order of the North Carolina Utilities Commission entered 10 November 1977. Heard in the Court of Appeals on 14 November 1978.

This proceeding was commenced on 7 July 1977 by North Carolina Natural Gas Corporation ("NCNG") for authority to adjust its retail rates for all rate schedules except Rate Schedule No. 7 for natural gas service. By letter dated 7 July 1977, NCNG submitted a tariff filing for Rate Schedule No. 7, the rate under which CF Industries is served. Among the adjustments requested in its application and letter was permission to recover $870,744 per year in increased costs. The increased costs are attributable to NCNG's increase in its storage service under a contract with the Washington Storage Service which is operated by Transcontinental Gas Pipe Line Corporation. A hearing was held on NCNG's application and tariff filing on 17 August 1977.

The evidence presented at the hearing tended to show the following:

NCNG contracted for additional storage capacity for natural gas at an annual cost of $870,744, which increased NCNG's stor-

age capacity from 672,845 Mcf to 2, 141,720 Mcf. The purpose of the increase was to place larger volumes of gas, received for NCNG's account during the summer months, in storage for distribution and sale during the winter heating season.

On 10 November 1977, the Utilities Commission entered an Order requiring all custombers of NCNG to share on a proportionally volumetric basis the $870,744 annual cost for the increased storage capacity. This Order stated in part:

> GS 62-133(f) authorizes the Commission to consider increases in cost of gas to North Carolina gas utilities, resulting from increases in wholesale prices, as separate items not requiring the procedures and detailed findings of a general rate case. By increasing its Washington Storage Service by 1,468,875 Mcf from 672,845 Mcf to 2,141,720 Mcf, NCNG will incur an annual increase in its WSS storage capacity charge of $870,744. The commission is of the opinion that this increase in storage capacity volumes has resulted in an increase in the wholesale cost of natural gas within the meaning of GS 62-133(f).

From the foregoing Order, intervenor CF Industries, Inc., appealed.

*Sanford, Cannon, Adams & McCullough, by H. Hugh Stevens, Jr., and Charles C. Meeker, for CF Industries, Inc., appellant.*

*McCoy, Weaver, Wiggins, Cleveland & Raper, by Donald W. McCoy for North Carolina Natural Gas Corporation, appellee.*

HEDRICK, Judge.

By its one assignment of error, CF Industries contends the "Commission erred in its conclusion that the increase in NCNG's gas storage capacity was an increase in the wholesale cost of gas pursuant to G.S. § 62-133(f)."

G.S. § 62-133(f) empowers the Utilities Commission to permit North Carolina utilities to increase their retail rates for natural gas commensurate with increases in the "wholesale cost" of natural gas without going through the procedures required for a general rate case. This permits utilities to "pass through" periodic wholesale price increases imposed by interstate pipeline companies. G.S. § 62-133(f) provides in pertinent part:

Unless otherwise ordered by the Commission subsections (b), (c), and (d) [of GS 62-133] shall not apply to rate changes of utilities engaged in the distribution of natural gas bought at wholesale by the utility for distribution to consumers to the extent such rate changes are occasioned by changes in the wholesale rate of such natural gas. The Commission may permit such rate changes to become effective simultaneously with the effective date of the change in the wholesale cost of such natural gas, or at such other time as the Commission may direct.

The sole question thus presented for our review is whether charges incurred for increased storage capacity and paid to the natural gas wholesaler are part of the "wholesale cost" of natural gas within the meaning of G.S. § 62-133(f), so that the increased cost can be reflected in the retail rates automatically without the necessity for fixing the retail rates pursuant to the procedures for a general rate case. We believe such storage service charges are not properly includable in the "wholesale cost" of natural gas supplies.

The purpose of G.S. § 62-133(f) is to allow the retailer to automatically pass on to the consumer changes in the wholesale cost of the natural gas, over which neither the retailer nor the Utilities Commission has control, whenever the natural gas suppliers' price is revised upward or downward, thus avoiding costly and protracted rate proceedings. NCNG argues that the storage service charge is a "wholesale cost" that it "must incur in order to obtain supplies of gas that are adequate to fill the needs of its customers." While we express no opinion as to the necessity of the added storage, it is clear that the decision to increase storage capacity represents a discretionary determination on the part of NCNG and is not a change in the wholesale cost of the gas supplies beyond the retailer's control. Any increase in the retail rates attributable to charges by a wholesaler of natural gas for storage capacity must be apportioned in a general rate case pursuant to G.S. § 62-133(a) through (e).

We hold that the Utilities Commission acted in excess of its statutory authority when it permitted NCNG to pass on additional costs resulting solely from an increase in storage capacity without complying with the statutory procedures required for a general rate case.

Vacated and remanded.

Judges VAUGHN and ARNOLD concur.